NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3137

RADI R. BARKETT,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

_____

DECIDED:  October 6, 2005

_____

Before RADER, LINN, and PROST, Circuit Judges.

PER CURIAM.

Radi R. Barkett ("Barkett") appeals from a final decision of the Merit Systems Protection Board ("Board"), denying his petition for enforcement of a settlement agreement.  Barkett v. Dep't of Commerce, No. DC-0752-03-0610-C-1 (M.S.P.B. January 27, 2005) ("Final Decision").  Because we find no reversible error in the Board's decision, we affirm.

## BACKGROUND

On June 2, 2003, Barkett was removed from the position of Criminal Investigator with the Bureau of Industry and Security, a bureau of the Department of Commerce (the "Agency"), for failing to complete a mandatory law enforcement firearms training program.  On June 18, 2003, Barkett appealed his removal to the Board.

On December 17, 2003, the parties entered into an oral settlement agreement, which was read into the Board's record for enforcement purposes on December 30, 2003. The parties later memorialized the oral agreement in writing. Under the terms of the settlement agreement, Barkett agreed, inter alia, to resign from the Agency, effective March 15, 2004, by completing an SF-52 form. In return, the Agency agreed to (1) rescind its decision to remove Barkett and purge from Barkett's personnel folder the removal decision or any references to it; (2) carry Barkett on a leave without pay status until his resignation on March 15, 2004; (3) process Barkett's required resignation paperwork; and (4) provide certain limited information in response to employment inquiries.

On February 17, 2004, Barkett filed an enforcement petition to compel the Agency to comply with the settlement agreement.[1] The Administrative Judge denied the petition on March 23, 2004, ruling that the Agency had not violated the settlement agreement and noting that Barkett was in noncompliance with the settlement agreement because he had not submitted the SF-52 form, as he was required to do under the terms of the settlement agreement. See Barkett v. Dep't of Commerce, No. DC-0752-03-0610-C-1, slip op. at 6 (M.S.P.B. Mar. 23, 2004) ("Initial Decision"). On April 27, 2004, Barkett filed a petition for review of the denial of his petition for enforcement of the settlement agreement. On January 27, 2005, the Board denied Barkett's petition for review, rendering the Initial Decision as the final decision of the Board. Final Decision at 2. Barkett timely appealed.

---

[1] On December 9, 2004, Barkett filed a second enforcement petition, which is the subject of a separate pending decision, under Board docket No. DC-0752-03-0610-C-2, not before the court in this appeal.

We have jurisdiction from an appeal of a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### A. Standard of Review

Our scope of review in an appeal from a decision of the Board is limited. Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998). Disputes regarding settlement agreements are governed by contract principles. See Tiburzi v. Dep't of Justice, 269 F.3d 1346, 1351 (Fed. Cir. 2001) ("It is 'axiomatic that a settlement agreement is a contract.'") (citation omitted). Contract interpretation is a matter of law, which we review de novo. See Mass. Bay Transp. Auth. v. United States, 254 F.3d 1367, 1372 (Fed. Cir. 2001). Procedural matters relating to discovery and evidentiary issues are reviewed for abuse of discretion. See Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988).

### B. Analysis

We have previously recognized that "'it is well-established that an oral settlement agreement is binding on the parties, particularly when the terms are memorialized into the record.'" Tiburzi, 269 F.3d at 1351 (quoting Sargent v. Dep't of Health & Human Servs., 229 F.3d 1088, 1090 (Fed. Cir. 2000) and citing Goodwin v. Dep't of Treasury, 983 F.2d 226, 228 (Fed. Cir. 1992) (noting that an oral settlement agreement "was valid

and binding on the parties")). Barkett concedes that he did enter into a settlement agreement with the Agency, and he does not dispute the finding that he was in noncompliance with the settlement agreement. Barkett, however, continues to maintain that the Agency is in noncompliance with the settlement agreement. Specifically, Barkett argues on appeal that the Agency (1) did not implement the settlement agreement because it delayed signing the written document thereby deferring his ability to benefit from the settlement agreement; and (2) violated the settlement agreement by providing information to others. We find these arguments unpersuasive.

Although the settlement agreement binds the Agency to certain obligations, the settlement agreement provides no time frame for the Agency to implement these obligations. The Agency implemented all but one of these obligations by March 1, 2004, prior to the Administrative Judge's decision denying the petition to enforce the settlement agreement. Initial Decision at 5. As for the sole obligation that the Agency had not implemented by March 1, 2004, namely that the Agency process Barkett's resignation paperwork, the Board found that the Agency's failure to implement this obligation did not breach the settlement agreement and, even if it did, there was no additional relief the Board could grant to Barkett due Barkett's failure to submit the SF-52 form. Thus, the Board held that Barkett failed to establish that the Agency breached the settlement agreement.

Given that the settlement agreement does not specify a time frame within which the Agency must implement its obligations, any delay on the part of the Agency in fulfilling these obligations cannot constitute a breach of the settlement agreement. See Kasarsky v. Merit Sys. Prot. Bd. 296 F.3d 1331, 1337 (Fed. Cir. 2002) (where no time for performance is specified, a delay in the performance of a contractual duty does not

amount to a breach unless it rises to repudiation, which entails a statement or "voluntary affirmative act" indicating that the promisor will commit a breach) (citations omitted). Because the Agency could not process Barkett's SF-52 form until such time as Barkett signed and submitted the form to the Agency, and because the Agency implemented all other obligations by March 1, 2004, the Board's decision is supported by substantial evidence and is in accordance with law.

We also reject Barkett's argument that the Agency violated the settlement agreement by providing information to others. Barkett alleges that the Agency violated the settlement agreement when Mark Menefee, Barkett's supervisor for employment history purposes, responded to an employment inquiry by stating that Barkett was on leave without pay status until March 15, 2004. Initial Decision at 5.

Paragraph 3d of the settlement agreement, the only paragraph regarding limitations on the disclosure of information related to Barkett's removal, provides:

> If the Agency's ITA Office of Human Resources Management is contacted for an employment reference, it will provide the following information: the title, series, grade and salary of Appellant's last position with the Agency, no performance appraisal was conducted, and that Appellant voluntarily resigned effective March 15, 2004 or earlier.

Consistent with prior precedent, we construe this provision strictly and according to its express terms. See generally Godwin v. Dep't of Def., 228 F.3d 1332, 1338 (Fed. Cir. 2000) (discussing differences in confidentiality provisions and holding that, because an agency's misrepresentation of its true views as to the employee's performance deceives prospective employers who are relying on the agency for an accurate recommendation, the court will not readily construe agreements to require an agency to deceive prospective employers but instead will construe such agreements strictly according to

05-3137                                                    5

their terms). Paragraph 3d does not expressly require the Agency to refrain from disclosing truthful information regarding Barkett's leave without pay status. Moreover, the Board found as a fact, and the evidence supports that finding, that the Agency's disclosure regarding Barkett's status was accurate. Initial Decision at 5. Because Barkett has failed to establish reversible error in the Board's decision, we reject this argument.

## CONCLUSION

For the foregoing reasons, the Final Decision of the Board is affirmed.