**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARLO C. BROWN,
　　　　　　Appellant,

　　　v.

DEPARTMENT OF COMMERCE,
　　　　　　Agency.

DOCKET NUMBER
CH-0752-14-0352-I-1

DATE: December 9, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeremy Lannan, Louisville, Kentucky, for the appellant.

Henry Young, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed as settled the appeal of her removal.　Generally, we grant petitions such as this one only when:　the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant, a GS-4 Statistical Clerk, was removed from her position, effective August 28, 2013, based on 25 specifications of absence without leave. Initial Appeal File (IAF), Tab 1.  She had filed an equal employment opportunity (EEO) complaint on April 18, 2013, alleging that various actions taken by the agency were based on disability discrimination, and on September 2, 2013, she amended her EEO complaint to include her removal.  IAF, Tab 14 at 5.  On January 31, 2014, the agency issued a final agency decision finding no discrimination.[2]  *Id.* at 30-56.  On March 7, 2014, the appellant filed a timely appeal challenging the removal.  IAF, Tab 1.  The agency moved for dismissal of the appeal on the basis that, on December 4, 2013,[3] the parties reached a settlement of the appellant's EEO complaint pursuant to which she waived the right to appeal her removal.  IAF, Tab 10.  The administrative judge ordered the

---

[2] The parties acknowledge that the appellant received the final agency decision on February 5, 2014.  IAF, Tabs 7, 9.

[3] Although the parties signed the agreement on November 27, 2013, IAF, Tab 10 at 14-15, paragraph 8 provided that the appellant had 7 days in which to revoke the agreement and that it would not become effective or enforceable until the revocation period had expired, *id.* at 12.

appellant to show cause why her appeal should not be dismissed based on the settlement agreement. IAF, Tab 12. In response, she argued that the agreement only specifically referenced her first EEO complaint, not her amended complaint which included her removal, and therefore she did not knowingly waive her right to appeal that action. IAF, Tab 14. She further argued that the agency fraudulently misled her into signing the settlement agreement, resulting in her making a "mutual mistake." *Id.*

¶3 The administrative judge issued an initial decision dismissing the appeal as settled. IAF, Tab 16, Initial Decision (ID) at 2, 8. She found that the appellant knowingly and voluntarily signed the settlement agreement that was reached in the EEO process and that, because it provided a clear waiver of her right to file an appeal of her removal, the appeal must be dismissed as settled. ID at 3-8.

¶4 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶5 In the appellant's petition, she reiterates verbatim the arguments she made below in her response to the administrative judge's show cause order. *Compare* PFR File, Tab 1, *with* IAF, Tab 14. In that regard, her petition lacks sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge to the initial decision, justifying a complete review of the record. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

¶6 Nonetheless, we agree with the administrative judge's disposition in this case. It is well established that the Board will consider a settlement agreement, even if it is reached outside of a Board proceeding, to determine its effect on the

Board appeal and any waiver of Board appeal rights.[4] *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006). The appellant may challenge the validity of the settlement agreement if she believes that it was unlawful, involuntary, or resulted from fraud or mutual mistake, *id.*, ¶ 13, and she may also challenge the enforceability of any waiver of Board appeal rights. Such a waiver is enforceable if its terms are comprehensive, freely made, and fair, and if the execution of the waiver did not result from agency duress or bad faith. *Id.*, ¶ 17.

¶7    The waiver provision at issue provided in pertinent part that the appellant agreed to waive, release, and discharge the agency from any claims, demands, or causes of action which she has or may have arising from her employment with the agency including, but not limited to, her first EEO complaint. The release includes, but is not limited to, a release of any right to administrative relief or of any claim to back pay, reinstatement, damages or compensation, except for the agency's agreement to pay the appellant a lump sum of $8000 in consideration. The agreement provided that the appellant did not waive any rights or claims that may arise subsequent to the effective date of the agreement. IAF, Tab 14 at 13-14.

¶8    The administrative judge considered the appellant's claim that because the settlement agreement did not specifically refer to her amended complaint, the one dealing with her removal, the agency has engaged in fraud and misrepresentation by now arguing that an appeal of her removal is precluded under the terms of the agreement. The administrative judge found, and we agree, that the language of

---

[4] We note the administrative judge's statement that "[t]he Board will enforce a settlement agreement, even if it is reached outside of a Board proceeding." ID at 3. In fact, the Board has no authority to enforce a settlement agreement reached in another forum. *See, e.g.*, *Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009); *Goodwin v. Department of the Treasury*, 52 M.S.P.R. 136, 139 n.2 (1991), *aff'd*, 983 F.2d 226 (Fed. Cir. 1992). The Board may, however, under certain circumstances as described in this decision, enforce a waiver of Board appeal rights. *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶¶ 4, 8 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).

the agreement is clear that the settlement extends beyond the issues involved in the appellant's first EEO complaint and encompasses her removal since it is a matter that arose out of her employment with the agency prior to the effective date of the agreement, ID at 5-6.  To the extent that the appellant argues that the provision in question is ambiguous, she has not shown that the terms are susceptible to more than one interpretation.  *See Johnson*, 108 M.S.P.R. 502, ¶ 8.  Contrary to her claim that there was mutual mistake regarding the scope of the agreement, she has alleged at best only a unilateral mistake, and such a claim does not provide a basis for setting aside the agreement.  *See, e.g.*, *Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 18 (2006).

¶9    We further agree with the administrative judge that the waiver of Board appeal rights is enforceable, even though the agreement does not specifically refer to a Board appeal.  *See Landers v. Department of the Air Force*, 117 M.S.P.R. 109, ¶ 15 (2011); *see also Lee*, 111 M.S.P.R. 551, ¶ 7.  The appellant has failed to show that the settlement agreement was not freely made, was unfair, or resulted from agency duress or bad faith.  *See Swidecki*, 101 M.S.P.R. 110, ¶ 17.  She has not alleged that she was mentally impaired or otherwise lacked the capacity to enter into a contract.  For a waiver of Board appeal rights to be enforceable, the agency must provide some consideration to the appellant in exchange for the waiver.  *Hughes v. Social Security Administration*, 99 M.S.P.R. 67, ¶ 7 (2005).  Here, as noted, the agreement provided that the agency would pay the appellant a lump sum of $8000, IAF, Tab 14 at 11, and she has not argued that the agency failed to pay her this amount of money.  It is also significant that the agreement was signed by the appellant and two representatives.  *Id.* at 14. While it does not appear that those representatives were attorneys, the agreement specifically provided that the appellant was aware of her right to representation by an attorney and was encouraged to have an attorney review the agreement prior to signing.  And, as noted, the agreement also afforded the appellant 7 days in which to revoke the

agreement prior to its becoming effective. *Id.* Under these circumstances, there is sufficient evidence in the record to find that the appellant signed the settlement agreement with the belief that the consideration provided by the agreement was more beneficial than the preservation of her rights to bring additional claims against the agency. *See Landers*, 117 M.S.P.R. 109, ¶ 15.

¶10 In sum, we find that the appellant has not shown error in the administrative judge's findings that the settlement agreement reached in the EEO proceeding is valid, that the appellant knowingly and voluntarily signed it, that it encompassed the matters raised in this removal appeal, that the provision in which she waived her Board appeal rights concerning the removal is enforceable, and that therefore this appeal must be dismissed as settled. *See Swidecki*, 101 M.S.P.R. 110, ¶ 26.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.