**Kenneth M. SIDE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 04–3126.

United States Court of Appeals, Federal Circuit.

DECIDED: July 8, 2004.

Before MAYER, Chief Judge, RADER and PROST, Circuit Judges.

PER CURIAM.

Kenneth M. Side, a preference eligible employee, appeals the decision of the Merit Systems Protection Board dismissing his claim against the United States Postal Service ("agency") for lack of jurisdiction. *Side v. United States Postal Serv.*, SE0752020150–I–1 (MSPB Dec. 20, 2003). Because the board failed to determine whether the agency breached the settlement agreement, we *vacate* and *remand*.

While Side admits that the settlement agreement was entered into voluntarily, he argues that the agency breached it by failing to conduct the Fitness for Duty examination in good faith. Thus, he argues, the agreement and its provision waiving his right to appeal are inoperative. In response, the board determined that the agreement was valid when signed, that it is "lawful on its face," and that it unambiguously divested the board of jurisdiction. The board refused to address Side's concerns that the agency breached the agreement, stating that "disputes regarding proper implementation of the settlement terms are questions of compliance.... [E]nforcement of the settlement terms must be found in the grievance process or in such other mechanism as may have been provided in the settlement agreement itself."

Although the board is correct that it lacks jurisdiction when a voluntary, binding settlement agreement is reached between an employee and his employer, it erred by refusing to assess whether the settlement agreement was breached. As explained in *McCall v. United States Postal Service*, 839 F.2d 664, 667 (Fed.Cir. 1988), if an agency breaches a settlement agreement, it is precluded from offensively using that same agreement to thwart an employee's access to further review. Similarly, in *Goodwin v. Department of the Treasury*, 983 F.2d 226, 228 (Fed.Cir. 1993), we first addressed petitioner's contention that the agency breached a settlement agreement, and then, only after determining that the agreement was intact, affirmed the board's dismissal for lack of jurisdiction. The board in *Goodwin* also refrained from dismissing for lack of juris-

diction until it was satisfied that the agreement had not been breached. *Id.*

■ Side also argues that the board has jurisdiction because the Office of Personnel Management's ("OPM") initial decision denying his disability retirement application terminated the settlement agreement. Side, however, appealed OPM's initial decision in accordance with available review procedures and the application was subsequently approved. As a result, and because the settlement agreement discusses "receipt of approval" as opposed to a "decision," we reject the argument that OPM's initial decision terminated the agreement.

Before SCHALL, DYK, and PROST, Circuit Judges.