# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GREGGORY J. PEARSON,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-15-0507-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: October 13, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Greggory J. Pearson, Washougal, Washington, pro se.

Richard C. Wolfe, Esquire, Fort Huachuca, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal alleging that his retirement from Federal service was involuntary. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2        Effective December 31, 2012, the appellant retired from his Information Technology Specialist position in the U.S. Army Network Enterprise Technology Command in Kuwait.  Initial Appeal File (IAF), Tab 8 at 17.  The appellant retired in accordance with the terms of a July 31, 2012 negotiated settlement agreement (NSA) resolving his formal equal employment opportunity (EEO) complaint against the agency.  *Id*. at 12-15.  Under the terms of the NSA, the agency agreed to cancel the appellant's suspensions and pay him $40,000, in exchange for his agreement to transfer to another agency, resign, or retire no later than December 31, 2012.  *Id.* at 12-13.  The agreement further specified that the agency would remove the appellant if he failed to separate from service by that date.  After the appellant retired from the agency on December 31, 2012, he filed an appeal with the Board on March 11, 2015, alleging that his retirement was involuntary and requesting a hearing.[2]  *Id*. at 17; IAF, Tab 1.

¶3        Because it appeared that the Board might lack jurisdiction over the appeal, the administrative judge ordered the appellant to show cause why his appeal should not be dismissed as outside the Board's purview and informed the appellant of his right to a jurisdictional hearing if he specifically alleged facts, which, if proven, could establish that his retirement was involuntary.  IAF, Tab 3 at 3-4.  In response, the appellant alleged that the agency forced him to retire because he "had dirt on the Army for numerous EEO violations," and he made disclosures concerning National Security Pay System (NSPS) pay problems,

---

[2] In adjudicating a separate appeal filed by the appellant against the Office of Personnel Management (OPM) contesting OPM's calculations of the appellant's high-3 salary, the administrative judge noted that the appellant also appeared to allege that his retirement was involuntary.  IAF, Tab 24, Initial Decision (ID) at 3; *Pearson v. Office of Personnel Management*, MSPB Docket No. DC-0842-14-0256-I-2, Initial Decision (June 18, 2015) (0256 ID).  During the adjudication of that appeal, the administrative judge advised the appellant of his right to file an involuntary retirement appeal.  The appellant ultimately withdrew his appeal against OPM, and the administrative judge dismissed that appeal with prejudice on June 18, 2015.  ID at 3; 0256 ID.  The appellant filed his involuntary retirement appeal on March 11, 2015.  IAF, Tab 1.

dangerous work conditions, violations of law, misconduct by Federal employees and the military officers, and human rights violations in Kuwait. IAF, Tab 4 at 4-13, Tab 6 at 4-5. The appellant alleged that, because of his disclosures, the agency subjected him to a hostile work environment by removing him from the Priority Placement Program, revoking his security clearance, changing his job duties, denying him mental health services, and threatening to remove him.[3] IAF, Tab 4 at 4-7, Tab 6 at 4-5, Tab 9 at 4-5.

¶4      The appellant further alleged that his retirement was involuntary because the agency breached the NSA by failing to purge two wrongful suspensions from his record, and he was unable to obtain another Federal job. IAF, Tab 8 at 34, Tab 9 at 6. The agency filed a motion to dismiss the appeal for lack of jurisdiction and for untimeliness, and the appellant opposed the agency's motion. IAF, Tabs 8-11.

¶5      After considering the parties' written submissions, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 24, Initial Decision (ID) at 1, 11-12. The administrative judge considered the totality of the circumstances, including the terms of the parties' settlement agreement and the appellant's hostile work environment claim, and found that he failed to make a nonfrivolous allegation of facts to support a finding that his retirement was coerced or otherwise involuntary. ID at 8-12. The administrative judge further found that the appellant could have declined to retire and appealed any adverse action effected by the agency to the Board, the Equal Employment Opportunity Commission (EEOC), or any other court of competent jurisdiction. ID at 7-9. Regarding the

---

[3] In his initial appeal form and subsequent filings, the appellant also challenged his grade, salary, and step level upon his conversion to the NSPS. IAF, Tab 1 at 4-17. However, the administrative judge found that the appellant had litigated the issues related to his conversion to the NSPS in prior actions and therefore collateral estoppel barred any further appeal of those issues. ID at 4. The appellant does not challenge this finding on review.

appellant's allegation that the agency breached the NSA, the administrative judge noted that the appellant filed allegations with the agency's Director for EEO Compliance and Complaints Review (EEOCCR) that the agency breached the NSA, and that the EEOCCR was the proper forum for that claim.  ID at 7.

¶6        The appellant filed a petition for review reasserting the allegations he made on appeal that his retirement, pursuant to the NSA, was involuntary because the agency subjected him to a hostile work environment and failed to comply with the NSA.  Petition for Review (PFR) File, Tab 1; IAF, Tabs 4, 9, 11.  The appellant argues that he provided sufficient proof that his retirement was involuntary and he reasserts his request for a hearing to present witness testimony.  In support of his petition, the appellant also submits numerous documents ranging in date from 2002 to 2011.  PFR File, Tab 1 at 15-111.

¶7        To the extent that the appellant is attempting to repudiate the NSA, we note that the Board has no authority to enforce or invalidate a settlement agreement not incorporated into the record of a Board appeal of an action over which the Board has jurisdiction.  *See Danelishen v. U.S. Postal Service*, 43 M.S.P.R. 376, 379-80 (1990).  The Board, however, may examine the circumstances surrounding the settlement agreement in considering whether the appellant's retirement was the involuntary result of misinformation or deception or coercion based on a hostile work environment, as he claims.  *See id*.

¶8        A retirement is presumed to be voluntary and therefore outside the Board's jurisdiction.  *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007).  However, an involuntary retirement is tantamount to a forced removal within the Board's jurisdiction under chapter 75.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc).  Once the appellant presents nonfrivolous allegations of Board jurisdiction, allegations of fact that, if proven, would establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence.  *Id.* at 1344.  The issue of the Board's jurisdiction in an involuntary resignation or

retirement case is inextricably intertwined with the merits of the appeal—where the employee establishes the Board's jurisdiction over the appeal by showing that his retirement was involuntary, he prevails on the merits of his appeal and he is entitled to reinstatement. *See Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987); *Quiet v. Department of Transportation*, 104 M.S.P.R. 292, ¶ 6 (2006).

¶9    The Board has found that a retirement, predicated on an agreement breached by the agency or a promise the agency did not intend to fulfill, is involuntary and the Board has jurisdiction over it. *See Goodwin v. Department of the Treasury*, 52 M.S.P.R. 136, 141 (1991), *aff'd*, 983 F.2d 226 (Fed. Cir. 1992); *Carter v. Department of the Navy*, 6 M.S.P.R. 95, 97 (1981) (finding that the agency's failure to honor a clean record settlement agreement, after the appellant resigned in reliance on that agreement, rendered his resignation involuntary); *see also Gleaves v. Department of the Navy*, 36 M.S.P.R. 558, 560-61 (1988) (determining that the agency's failure to honor agreement under circumstances similar to *Carter* constituted a nonfrivolous allegation of involuntariness of resignation). For the reasons explained below, we find that the appellant has made nonfrivolous allegations of involuntariness entitling him to a jurisdictional hearing in this matter.

¶10    Here, the appellant alleged that he retired in reliance on the agency's agreement to cancel his suspensions and pay him $40,000, and that the agency's failure to honor its agreement to cancel his suspensions left him unemployable and rendered his December 31, 2012 retirement involuntary. IAF, Tab 8 at 12-13. The record reflects that the appellant filed a successful noncompliance action with the EEOC Office of Federal Operations (OFO), resulting in a February 18, 2014 final agency decision (FAD) and order finding that the agency breached the NSA by failing to cancel the appellant's suspensions.[4]  *Id*. at 19-29. In addition,

---

[4] The FAD indicates that the appellant learned of the agency's noncompliance on December 10, 2013, which is almost 1 year after he retired on December 31, 2012, in accordance with the terms of the NSA. IAF, Tab 8 at 17, 21.

the appellant filed another action with the EEOC OFO on March 10, 2015, again alleging that the agency breached the July 31, 2012 NSA. *Id.* at 5; ID at 7. Although the agency disputes the appellant's claim that his retirement was involuntary, we find that his allegations, construed in light of the record evidence, satisfy the nonfrivolous threshold.

¶11     Because we find that the administrative judge erred in dismissing this appeal without holding a hearing on the merits of the appellant's claim of involuntariness, we remand this case to the regional office for further adjudication.[5]  If, on remand, the agency disputes that it breached the NSA, the administrative judge should consider whether the doctrine of collateral estoppel bars the agency from making this argument because of the findings in the February 18, 2014 FAD.  The administrative judge may also consider the remaining allegations of retaliation and hostile work environment raised by the appellant insofar as they pertain to the alleged involuntariness of his resignation.

¶12     We note that, in dismissing this appeal for lack of jurisdiction, the administrative judge did not did not address the agency's argument that the appeal should be dismissed as untimely filed.  IAF, Tab 10 at 5.  On remand, the administrative judge may address the timeliness issue, after issuing a show cause order on timeliness and allowing the appellant an opportunity to respond.  If the administrative judge finds that the appeal was timely filed and that the appellant proved that his retirement was involuntary, the administrative judge should order the agency to cancel the appellant's separation and award him back pay and other benefits for the time period involved under 5 C.F.R. § 550.801.

---

[5] Although he appellant raised claims of whistleblower retaliation on appeal, the administrative judge did not provide notice of the criteria for establishing jurisdiction over his whistleblower retaliation claim as a possible affirmative defense or as a possible separate individual right of action appeal.  On remand, the administrative judge should provide the appellant with notice on this issue.  An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.