# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHERRY G. LUCAS,
      Appellant,

     v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
CH-0752-16-0448-I-1

DATE: June 29, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glenn L. Smith, Esquire, Grand Rapids, Michigan, for the appellant.

Deborah W. Carlson, Esquire, and Samuel D. Brooks, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was formerly employed by the agency as a Manager of Customer Service at the Gary, Indiana, Post Office. Initial Appeal File (IAF), Tab 1 at 1. On December 22, 2015, the agency proposed her removal based on a charge of Unacceptable Conduct-Insubordination. *Id.* at 11-16. The charge was based on the appellant's repeated refusal to make a public apology to letter carriers in accordance with a prearbitration settlement agreement, an arbitration decision, and the repeated instructions of postal management. *Id.* On May 16, 2016, the agency sustained the charge and removed the appellant, effective May 27, 2016. *Id.* at 6-10.

¶3 The appellant filed a Board appeal, disputing the charge. IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision, sustaining the appellant's removal. IAF, Tab 25, Initial Decision (ID). The administrative judge found that the agency proved its charge of insubordination. ID at 4-9. In particular, she found that the appellant's repeated refusal to follow multiple direct orders to issue the apology was willful and intentional. ID at 5-6. She further found that the relevant officials were

authorized to instruct the appellant to comply with the arbitrator's decision. ID at 7-9. She also found that there was a nexus between the sustained charge and the efficiency of the service and that the penalty of removal was within the tolerable limits of reasonableness. ID at 9-14.

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 4. The agency has opposed the appellant's petition, and the appellant has filed a reply.[2] PFR File, Tabs 6-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved its insubordination charge.

¶5    The undisputed facts that formed the basis of the agency's charge, as set forth by the administrative judge, are as follows. In March 2013, the National Association of Letter Carriers (NALC) filed a class action grievance alleging that, as a result of the appellant's conduct, the agency had violated provisions of the NALC National Agreement (NA), the Joint Statement on Violence and Behavior in the Workplace, and sections of the Employee Labor Manual. ID at 2. On February 12, 2014, the parties entered into a prearbitration settlement agreement, resolving the class action grievance. *Id.* One of the terms of the agreement provided that the appellant would "make a public apology to letter carriers in the Gary office acknowledging her behavior is not acceptable and a pledge to change her approach in treatment of fellow human beings." *Id.*

¶6    Following the settlement agreement's execution, the appellant issued a statement, which the letter carriers did not believe constituted an apology in

---

[2] With its response to the appellant's petition for review, the agency has submitted numerous documents, some of which are part of the record below. PFR File, Tab 6 at 19-173, Tab 7 at 4-106. Because we find no basis for granting the appellant's petition for review, we need not determine whether any of the agency's documents constitute new and material evidence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

accordance with the requirements of the prearbitration agreement. IAF, Tab 7 at 97. As a result, NALC filed a grievance to protest various contractual violations by the agency, including the appellant's failure to apologize. ID at 2-3. After a 4-day arbitration hearing on the grievance was held, the arbitrator issued a written award finding that the appellant failed to comply with the prearbitration settlement agreement because she did not issue an apology. ID at 3. The arbitration award directed the appellant to issue a public apology to letter carriers at the Gary Post Office within 30 days, in the form of a prewritten statement prepared by the arbitrator. ID at 3. Following the arbitration award, the appellant was instructed to deliver the apology in compliance with the arbitration award on five separate instances, but she refused to comply.[3] ID at 3, 6 n.1. Thereafter, the agency removed the appellant based on her failure to obey multiple direct orders to issue the apology in compliance with the binding arbitration award. IAF, Tab 1 at 6-10.

¶7      As discussed above, the administrative judge found that this charge was based on insubordination. ID at 5. The initial decision properly stated that insubordination is the willful and intentional refusal to obey an authorized order of a superior officer which the officer is entitled to have obeyed. *Id.*; *see Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd,* 490 F. App'x 932 (10th Cir. 2012). Here, in finding that the agency proved its charge, the administrative judge anchored this finding in credibility determinations, relying on the Board's decision in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). Considering the record as a whole, including testimonial evidence, the administrative judge found that the appellant's refusal to follow the multiple direct orders was willful and intentional. ID at 6-7. The appellant does not

---

[3] Although the appellant testified that she was only ordered to apologize two times, the administrative judge found that such testimony was contradicted by the documentary evidence and joint stipulations of the parties. ID at 6 n.1.

explicitly dispute these findings on review, and we discern no basis for disturbing them. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶8 Rather, the appellant asserts that the administrative judge erred in sustaining the charge for several reasons. First, she argues that the prearbitration agreement was invalid because she was improperly denied the right to respond to NALC's allegations prior to the entry of the prearbitration agreement. PFR File, Tab 4 at 9-10. She contends that the agency representative was not authorized to settle the grievance while she was out on leave and without ever interviewing her concerning the allegations made against her. *Id.* at 10. For the first time on review, she submits a December 14, 2016 letter from agency management addressing the handling of grievances, which states that "[a]ccused management employees should receive full opportunity to respond to allegations against them." *Id.* at 21. Even if such allegations are true, the Board has no authority to invalidate a settlement agreement reached in another forum. *See, e.g.*, *Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009); *Goodwin v. Department of the Treasury*, 52 M.S.P.R. 136, 139 n.2 (1991), *aff'd*, 983 F.2d 226 (Fed. Cir. 1992); *Danelishen v. U.S. Postal Service*, 43 M.S.P.R. 376, 379-80 (1990). To the extent the appellant believes that she should not be bound by the prearbitration settlement agreement, she may bring a direct proceeding to invalidate the agreement in the proper forum.

¶9 Next, the appellant argues that the NA did not apply to her, and thus, management had no authority to order her to apologize. PFR File, Tab 4 at 14-17. In support of her argument, she points to Article I of the NA, which she contends excluded management from the provisions of the NA. *Id.* at 14. The administrative judge addressed the appellant's argument concerning the alleged inapplicability of the NA to management and found that such an argument was misplaced. ID at 7. She found that Article I was a standard collective bargaining provision that did not exclude management from the provisions of the NA but rather merely identified classifications of employees, such as those included in

management and those included in the craft. *Id.* She further found that various agency directives demonstrated that adherence to collective bargaining agreements by all employees, including management, was a longstanding and well-established policy. ID at 8. On review, the appellant offers no evidence or argument to dispute these findings and, thus, has not provided a basis for reversal.

¶10    Similarly, the appellant argues that the arbitrator did not have the authority to discipline her, order her to issue an apology, or compel her to do anything personally because she was not a party to the grievance, which was between NALC and the agency. PFR File, Tab 4 at 16-17. In essence, she argues that the arbitrator could only order the agency, not a specific management official, to issue an apology. *Id.* We find such arguments unavailing. As the administrative judge found, the arbitrator merely enforced a valid and binding settlement agreement between the parties. ID at 8-9. The appellant also argues that no apology should have been mandated because the arbitrator found that NALC did not prove that she engaged in a continual pattern of behavior in violation of the NA or the Joint Statement on Violence and Behavior in the Workplace. PFR File, Tab 4 at 15-16. Such an argument is, however, misplaced. The arbitrator found that, although the appellant did not engage in any unacceptable conduct following settlement that amounted to a continued violation of the NA, she failed to comply with the terms of the prearbitration settlement because she failed to properly apologize. IAF, Tab 1 at 12, Tab 7 at 97.

¶11    Finally, the appellant argues that the arbitration decision and management's orders that she apologize to the letter carriers violated her First Amendment rights because she could not be compelled to issue an apology that violated her religious belief against lying. PFR File, Tab 4 at 11-14. However, such an argument was not raised below. Thus, she may not raise it for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (declining to consider the appellant's harmful error claim submitted for the first

time on review when the appellant presented no new evidence that was not available when the record closed to justify consideration of the issue).

The administrative judge properly found that the agency proved that the penalty of removal was reasonable.

¶12    The administrative judge found that the deciding official properly considered the penalty assessment factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and exercised his discretion within the tolerable limits of reasonableness in deciding to remove the appellant. ID at 13-14.  On review, the appellant argues that the penalty of removal exceeds the bounds of reasonableness and it should be mitigated to a 30- or 60-day suspension.  PFR File, Tab 4 at 17-20.  In support of her argument, she asserts that she did not apologize, despite being instructed to do so several times, based on religious grounds, and thus, there is no basis to conclude that she cannot be rehabilitated or will not follow lawful instructions in the future.  *Id.* at 17. However, the appellant did not raise an affirmative defense of discrimination based on religion.  IAF, Tab 8.  She also argues that her lack of ability to respond to the union's grievance allegations prior to the prearbitration settlement warrants mitigation.  PFR File, Tab 4 at 18.  However, as discussed, the propriety of the agency's action in settling the grievance and the validity of the settlement agreement reached in a different forum are not issues before the Board. Regardless, we find that such an argument does not outweigh the seriousness of her repeated and intentional offenses.   Finally, the appellant points to her 17 years of service and positive work record.  *Id.*  The administrative judge, however, found that the deciding official considered such factors but found they were outweighed by the severity of the appellant's offense, given its impact on the agency's mission and the agency's requirement to honor its obligations and responsibilities in the collective bargaining process.  ID at 12-13.

¶13    Accordingly, we affirm the initial decision, sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.