## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW C. WIESNER,
        Appellant,

    v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
PH-3443-22-0127-I-1

DATE: March 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew C. Wiesner</u>, Dover, New Hampshire, pro se.

<u>Matthew L. Schmid</u>, Portsmouth, New Hampshire, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as barred by res judicata and for lack of jurisdiction. On petition for review, the appellant argues that the administrative judge erred by applying the doctrine of res judicata to bar his appeal, reargues the merits of his 2013 removal, and reasserts that the terms of a 2020 agreement settling his civil suit against the agency in the U.S. District Court for the District of Maine is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

invalid because it was coerced and lacked required language stating that it complied with the Older Workers Benefit Protection Act of 1990 (OWBPA), codified at 29 U.S.C. § 626(f). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant is collaterally estopped from relitigating his claim that his security clearance was revoked based on false statements by a Navy investigator, we AFFIRM the initial decision.

On review, the appellant argues that the administrative judge erred by applying the doctrine of res judicata to dismiss his appeal challenging his 2013 removal based on the revocation of his eligibility for a security clearance because he only discovered that his security clearance was "un-revoked" in 2019 after he received records under the Freedom of Information Act, and the reinstatement of his clearance provides a new basis for challenging his removal. Petition for Review (PFR) File, Tab 1 at 5.

Under the doctrine of res judicata, a valid final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).

Res judicata applies if (1) the prior decision was rendered by a forum with competent jurisdiction, (2) the prior decision was a final decision on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Carson*, 398 F.3d at 1375.

The administrative judge did not inform the appellant that his appeal may be barred by res judicata or specifically identify the elements of proof for res judicata and provide the appellant with an opportunity to provide evidence and argument as to why his appeal should not be dismissed before issuing the initial decision dismissing the appeal on that basis. Initial Appeal File (IAF), Tab 3.[2]

An appellant must receive explicit information on what is required to establish Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). By analogy, such notice is presumably required before dismissing a claim as precluded. However, an administrative judge's failure to provide an appellant with proper *Burgess* notice may be cured if the agency's pleadings or the initial decision contain the notice that was otherwise lacking. *Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009). The agency's motion to dismiss the appeal cured the administrative judge's error by identifying the proper elements of proof for res judicata, as did the initial decision, so the deficient notice was cured here. IAF, Tab 17 at 10-11; IAF, Tab 38, Initial Decision (ID) at 3-4.

The administrative judge also properly found that the elements of res judicata were satisfied in this case. ID at 6. The Board had jurisdiction over the appellant's 2013 appeal of his removal, and the Board's subsequent decision in that prior appeal constitutes a final decision on the merits. *See Wiesner v. Department of the Navy*, MSPB Docket No. PH-0752-14-0342-I-1, Initial Decision at 1-2 (June 3, 2014); *see also Wiesner v. Department of the Navy*,

---

[2] It appears that a preliminary telephonic status conference was held, but the administrative judge did not issue an order summarizing the status conference, so it is unclear whether the potential preclusive effect of the appellant's prior appeal was addressed during the conference. IAF, Tab 10.

MSPB Docket No. PH-0752-14-0342-I-1, Final Order, ¶ 1 (Dec. 15, 2014). Accordingly, the first two criteria for application of res judicata are met. Additionally, the third criteria is met because the instant appeal involves the same cause of action as the 2013 appeal—the appellant's removal based on the revocation of his security clearance. To the extent that the appellant suggests that res judicata should not apply because the instant appeal is based on a new legal theory challenging his removal, the Board has held that appellants are not entitled to return to the Board on the basis that they have developed a new theory. *See Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶¶ 7-8 (2002) (explaining that res judicata bars an appellant from challenging a cause of action under a new legal theory). Accordingly, we agree with the administrative judge's finding that the appellant's challenges to his 2013 removal are barred by res judicata.[3]

Regarding the appellant's challenge to the December 2020 agreement settling his civil suit against the agency, that settlement agreement was entered into the record in a case before the U.S. District Court for the District of Maine, not in a Board appeal. IAF, Tab 1 at 8-14. The Board may not address the appellant's allegation that the settlement agreement is invalid because it was coerced and does not comply with OWBPA because the Board has no authority to invalidate a settlement agreement reached in another forum. *See, e.g., Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008), *aff'd*, 315 F. App'x 274

---

[3] Regarding the appellant's argument that he is a partially recovered individual under the Federal Employees' Compensation Act (FECA) and that he is entitled to restoration to his position, the appellant was removed from his position based on the revocation of his eligibility for a security clearance and assignment to a sensitive position, not as a result of any compensable injury, and so FECA is inapplicable to this appeal. PFR File, Tab 1 at 4; *see Wiesner v. Department of the Navy*, MSPB Docket No. PH-0752-14-0342-I-1, Final Order at ¶¶ 2-5 (Dec. 15, 2014) (noting that in order to be entitled to certain rights to restoration, a covered individual must have been separated from their position "as a result of a compensable injury"); 5 C.F.R. § 353.103(b). Thus, the Board lacks jurisdiction over the appellant's restoration claim. *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016) (explaining that an appellant must, as relevant here, nonfrivolously allege that he was absent from work due to a compensable injury to establish jurisdiction over his restoration claim).

(Fed. Cir. 2009); *Goodwin v. Department of the Treasury*, 52 M.S.P.R. 136, 139 n.2 (1991), *aff'd*, 983 F.2d 226 (Fed. Cir. 1992); *Danelishen v. U.S. Postal Service*, 43 M.S.P.R. 376, 379-80 (1990).  To the extent the appellant believes that he should not be bound by the settlement agreement or that the agreement is invalid, he may bring a proceeding to invalidate the agreement in the proper forum.  *Johnson,* 108 M.S.P.R. 502, ¶ 8 n.5.

Finally, we modify the initial decision to find that the appellant is collaterally estopped from relitigating his claim that his security clearance was revoked based on false statements by a Navy investigator.  Under the doctrine of collateral estoppel, once an adjudicatory body has decided a factual or legal issue necessary to its judgment, that decision may preclude relitigation of the issue in a case concerning a different cause of action involving a party to the initial case. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).  Collateral estoppel, or issue preclusion, is appropriate when (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.  *Id.*  The Board has held that collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction.  *Id.*

In the initial decision, the administrative judge concluded that the only issue the appellant had not raised in his previous Board appeals was his claim that his security clearance was revoked based on false statements by a Navy investigator.  ID at 6.  Consequently, he considered this argument and determined that the Board lacked jurisdiction over this claim because the Board could not

review the substance of the underlying security clearance determination, citing the U.S. Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988). ID at 6.

However, the appellant made this identical argument in a prior Board appeal, and the same administrative judge that adjudicated the instant appeal concluded that the Board lacked jurisdiction over that claim on the same basis in that prior appeal. *See Wiesner v. Department of the Navy*, MSPB Docket No. PH-3443-21-0204-I-1, Initial Appeal File, Tab 1 at 10; Tab 7 at 4-5; Tab 13, Initial Decision at 6. The Board has since issued a Final Order that denies the petition for review and affirms the initial decision in that prior case. *Wiesner v. Department of the Navy*, MSPB Docket No. PH-3443-21-0204-I-1, Final Order at 2 (Mar. 8, 2024). Additionally, the finding that the Board lacks the ability to review the substance of the underlying security clearance determination was necessary to the jurisdictional determination in the prior appeal. Thus, the elements of collateral estoppel have been satisfied here, and we modify the initial decision to find that the appellant is collaterally estopped from relitigating this claim in the instant appeal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.